**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 23, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CLYDIE J. (JOE) CRAWFORD,

Plaintiff-Appellant,

v.

RICHARD BARNES,

Defendant-Appellee.

No. 12-2018
(D.C. No. 1:10-CV-00926-KBM-LFG)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit Judge.

---

Plaintiff-Appellant Clydie J. (Joe) Crawford appeals from a jury verdict entered in favor of defendant Richard Barnes. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

Mr. Crawford filed an action against Mr. Barnes in state court after the two men were involved in an accident at Taos Ski Valley in January 2010. Mr. Crawford

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

was skiing and Mr. Barnes was snowboarding. Mr. Crawford alleged that Mr. Barnes's negligence caused the accident and his resulting injuries. Mr. Barnes denied that he was negligent in any respect. He did assert, however, that if he were negligent in any respect, Mr. Crawford's claims were subject to the doctrine of comparative fault under New Mexico law.

The case was removed to federal court and tried to a jury. The jury entered a verdict in favor of Mr. Barnes. Mr. Crawford filed a motion for a new trial. That motion was denied. This appeal followed.

In his opening brief, Mr. Crawford explains that "[t]he sole issue presented for review is that the jury's decision that [Mr. Barnes] was 0% negligent is not supported by substantial evidence." Aplt. Opening Br. at 2. In response, Mr. Barnes contends that Mr. Crawford did not preserve this issue for appellate review. We agree.

"It is well-established that 'for a litigant to receive appellate review of a jury verdict for want of sufficient evidence, he must first have moved for a directed verdict before submitting the issue to the jury.'" *FDIC v. Schuchmann*, 235 F.3d 1217, 1231 (10th Cir. 2000) (quoting *Koch v. City of Hutchinson*, 814 F.2d 1489, 1496 (10th Cir. 1987)). Mr. Crawford may not circumvent this requirement by relying on the fact that he raised the sufficiency of the evidence in his motion for a new trial *after* the jury verdict. *Id.*

Mr. Crawford acknowledges that he did not move for a directed verdict at the conclusion of the trial and recognizes the waiver rule under these circumstances.

*See* Aplt. Reply Br. at 1. He contends, however, that there is an exception to the basic waiver rule and this court should exercise its discretion to excuse his waiver "in order to prevent manifest injustice." *Id*. at 2. He does not elaborate on how enforcing the waiver in this case would result in manifest injustice and he concedes that "[t]ypically, the exception is applied in situations involving matters of law." *Id*. Moreover, he does not cite to any cases where this court exercised its discretion to consider the merits of a challenge to the sufficiency of the evidence after a party failed to move for a directed verdict.

We see no basis for this court to exercise its discretion to excuse Mr. Crawford's failure to move for a directed verdict. In his post-judgment motion for a new trial, Mr. Crawford argued "that the clear or great weight of the evidence . . . is that [Mr. Barnes] was negligent and was to some percentage at fault in this accident." Aplt. App. at 47. There was nothing preventing Mr. Crawford from arguing that the evidence did not support a finding that Mr. Barnes was 0% negligent before the case was submitted to the jury.

Accordingly, we AFFIRM the judgment of the district court.

Entered for the Court

David M. Ebel
Circuit Judge